MIHM v. HUSSEY et al.  (No. 319/150.)

(Supreme Court, Appellate Division, Third Department.  November 10, 1915.)

MASTER AND SERVANT &wkey;87½, New, vol. 16 Key-No. Series—INJURIES TO
SERVANT—HAZARDOUS EMPLOYMENT—"WAREHOUSING."

Under Workmen's Compensation Act (Consol. Laws, c. 67) § 2, group
29, declaring warehousing a hazardous employment, an employé of a
wholesale grocery company, which maintained a storage warehouse, is
not engaged in warehousing, within the act (section 3, subd. 4), when
placing barrels of vinegar therein; for, while the term "warehousing"
means the act of placing goods in a warehouse or the business of receiv-
ing goods for storage, Workmen's Compensation Law, § 3, subd. 5, declares
that employment includes employment only in a trade or occupation
carried by the employer for pecuniary gain.

[Ed. Note.—For other definitions, see Words and Phrases, First Series,
Warehousing.]

Kellogg and Howard, JJ., dissenting.

Proceeding by William E. Mihm for compensation, under the Work-
men's Compensation Law, against William H. Hussey, employer, and
the Commercial Casualty Company, insurer.  On question certified by
the State Industrial Commission.  Question answered.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD,
and WOODWARD, JJ.

Otto D. Parker, of New York City (Henry Siegrist, of New York
City, of counsel), for insurance carrier.

Egburt E. Woodbury, Atty. Gen. (Harold J. Hinman, of Albany,
of counsel), for the Commission.

Benjamin Axleroad, of Albany, for claimant.

LYON, J.  The State Industrial Commission has certified to this
court the question:

"Was the claimant at the time of the injury engaged in a hazardous em-
ployment, within the meaning of the Workmen's Compensation Law, and
entitled to compensation as a result of injuries arising out of and in the
course of such employment?"

The employer was engaged in the wholesale produce business, with
an office at 346 Broadway, Albany, N. Y.  In connection with said
business, and upon said premises, he maintained a warehouse or place
of storage, in which the produce owned by him was kept in storage
until sold at wholesale.  The claimant was in his employ as shipper,
and on the 28th of September, 1914, while tiering barrels of vinegar,
weighing about 500 pounds each, in the storehouse, his right hand was
pressed against a brick wall, injuring the second and third fingers.
The Commission has found that the injuries were accidental, arose
in the course of employment, and were without fault of the employé.

The alleged hazardous employment, in which claimant was engaged,
is embraced in group 29, which is as follows:

"Milling; manufacture of cereals or cattle food; warehousing; storage;
operation of grain elevators."

&wkey;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The single question, therefore, for decision, is whether the claimant was engaged in the "employment" of "warehousing" at the time he sustained his injuries. Warehousing is defined in the Century Dictionary as:

"1. The act of placing goods in a warehouse. 2. The business of receiving goods for storage."

"Employment includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain." Workmen's Compensation Law, § 3, subd. 5.

Claimant's employer was not carrying on the business of warehousing for pecuniary gain; hence the submitted question should be answered in the negative.

SMITH, P. J., and WOODWARD, J., concur.

JOHN M. KELLOGG, J. (dissenting). It is urged that the employer was storing only his own goods, and was not engaged in the business of storage, and that the statute contemplates a warehousing business or storage business carried on for the storage of goods of others for hire. We think this is too narrow a construction of the law. If the employer has a large storage warehouse, and was receiving heavy packages of merchandise, which were to be moved from time to time by his employés, the risk to them is the same, whether he is storing the goods for himself or for others. The statute is a beneficial one, intended to throw upon the business the risks incident to and resulting from it, and the liability ought not to depend upon the question whether the goods in storage were the goods of the employer or the goods of others. In the same group is the operation of grain elevators. It is immaterial whose grain is being elevated, whether the elevator is used for the grain of the employer or of another. The nature of the hazard is the important thing.

Group 10 is:

"Longshore work, including the loading or unloading of cargoes of grain, coal, ore, freight, general merchandise, lumber or other products or materials, or moving or handling the same on any dock, platform or place, or in any warehouse or other place of storage."

This group gives color to the construction we have taken of group 29. It is the handling of the cargoes, or parts of cargoes, the moving of heavy merchandise, that is deemed a hazardous business.

While the employer did not receive compensation for storage of his own goods, he was storing his goods for profit, and was operating the warehouse part of his business in order that his profits might be enhanced. Whenever he received an order, he had the goods in his storehouse with which to fill it. The operation of the storehouse was a necessary part of his business, and the storehouse was maintained by him for profit. Apparently the claimant's employment was in receiving, shipping, and handling the produce in the warehouse or storage. We therefore conclude that the question submitted to the court should be answered in the affirmative.

HOWARD, J., concurs.