GUTHEIL v. CONSOLIDATED GAS CO. OF NEW YORK.

(Supreme Court, Special Term, New York County. April 24, 1916.)

MASTER AND SERVANT ⊙⊸361—WORKMEN'S COMPENSATION LAW—ENGAGEMENT IN "LONGSHORE WORK."

The employé of a gas company, required to assist in moving stoves and ranges in its building and to and from its wagons, injured when the tail-board of a wagon from which he was removing a stove gave way, was not engaged in "longshore work" when injured, within Workmen's Compensation Law (Laws 1914, c. 41) § 2, group 10, defining longshore work as including the loading or unloading of cargoes, or moving or handling the same on any dock, platform, or place, or in any warehouse or other place of storage.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. ⊙⊸361.]

Action by Harry W. Gutheil against the Consolidated Gas Company of New York. On defendant's motion for judgment on the pleadings. Motion denied.

A. & C. Steckler, of New York City, for plaintiff.

Shearman & Sterling, of New York City (John A. Garver and Chauncey B. Garver, both of New York City, of counsel), for defendant.

NEWBURGER, J. This action is brought under the Employers' Liability Act (Consol. Laws, c. 31, §§ 200–204). The defendant moves for judgment on the pleadings on the ground that the case is covered by the Workmen's Compensation Law.

⊙⊸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears that the defendant is a domestic corporation and trans-
acts part of its business in the building at No. 474 West 159th street
and maintains an elevator in said building.    The plaintiff was em-
ployed in the building as a range handler or helper, and he was re-
quired to assist in moving stoves and ranges in the building and to
and from the defendant's wagons, and occasionally riding on said
wagons to buildings occupied by customers of defendant.    On Jan-
uary 13, 1915, while one of the defendant's wagons was in front of
the building and close to the elevator, and while the plaintiff in the
course and discharge of his duties was assisting in removing one of
the stoves from the wagon onto the elevator, and had stepped on the
tailboard for that purpose, the chains and tailboard gave way, and the
plaintiff fell and was injured.

The defendant contends that this case comes within group 10 of
section 2, chapter 41, of the Laws of 1914, which reads as follows:

"Longshore work, including the loading or unloading of cargoes or parts of
cargoes of grain, coal, ore, freight, general merchandise, lumber or other prod-
ucts or materials, or moving or handling the same on any dock, platform or
place, or in any warehouse or other place of storage."

It is clear that the plaintiff was not engaged in longshore work, nor
in the handling of cargoes, nor was he then engaged in the handling
of the same in any warehouse or other place of storage.    It is clear
from a reading of the section that it was the intention of the Legislature
to cover such cases as might arise in the removal of cargoes from
ships and docks to warehouses, especially carried on for hire.    In
Miham v. Hussey, 169 App. Div. 742, 155 N. Y. Supp. 860, it was
held that an employer in the wholesale business, who, in connection
therewith, maintains a place in which to store his goods, is not engaged
in warehousing within the meaning of the statute.

The case is not covered by group 10 of section 2 of the Laws of
1914, and therefore the motion herein must be denied.