Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of EMMET G. WALSH, Respondent, for Compensation under the Workmen's Compensation Law, *v.* F. W. WOOLWORTH COMPANY, Employer, and GENERAL ACCIDENT FIRE AND LIFE ASSURANCE CORPORATION, LIMITED, Insurance Carrier, Appellants.

Third Department, November 14, 1917.

**Workmen's Compensation Law — when company operating retail store not engaged in warehousing or storage within meaning of statute.**

A company engaged in a retail trade, operating five and ten-cent stores and handling only a comparatively small stock of goods, replenished from day to day by incoming shipments, and storing goods merely as an incident to the carrying on of its retail business, is not conducting a warehouse or storage place within the meaning of group 29 of section 2 of the Workmen's Compensation Law.

Hence, a claim under the statute by an employee of said company for injuries alleged to have been sustained while moving a barrel from the sidewalk to the basement of the store, should be dismissed.

APPEAL by the defendants, F. W. Woolworth Company and another, from a decision and award of the State Industrial

Commission, entered in the office of said Commission on or about the 2d day of May, 1917.

*Thomson & Byrne* [*C. V. Byrne* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondents.

WOODWARD, J.:

In the present case a boy, sixteen years of age, was employed by the F. W. Woolworth Company in a five and ten-cent store at Oswego during the school vacation. His duties were to take the merchandise arriving from day to day and delivered upon the sidewalk in front of the store and place it in the basement in receptacles provided for that purpose, and to take these goods, from time to time, to the salesroom above at the request of the salesmen. This boy terminated his employment on the 21st day of October, 1916, having worked later than was expected because of the fact that the schools were not opened at the usual time that year. On the following day the father of the boy reported to the manager of the company that the boy had sustained a sprain of his back, and the company made a report upon the alleged accident, and the claimant filed the notice of injury and the claim for compensation in due time. The matter came on for a hearing at Oswego on the 5th day of February, 1917, and at that time the claimant testified that he took a barrel of peanuts from the sidewalk on the twenty-first day of October previous and took it to the basement; that he was obliged to roll this up an incline, and that in so doing he sustained an injury to his back — a strain.

The insurance carrier asked to have the hearing held open for further proof, and upon a further hearing upon the twenty-sixth of February, it was shown by the records that no such goods were received on the twenty-first day of October, or at any time between the eighteenth and the twenty-fourth days of October, and one of the Commissioners adroitly asked: " But you see from the testimony there was none received that day? " and the boy answered: " I might have taken the barrel in a couple of days before and put it off to one side,"

and then the witness concludes that the barrel was already in the cellar when he went to work on the day he had the kink in his back. Of course, there was some evidence in support of the injury, and under the statute this must be conclusive.

But the real question here is whether the employment in which the claimant was engaged comes within the provisions of the statute. The evidence shows that the Woolworth Company was engaged in a retail trade — a five and ten-cent store — and it is evident that it was handling only a comparatively small stock of goods, replenished from day to day by incoming shipments. It is conceded that under the provisions of the original act, as construed by this court in *Matter of Mihm* v. *Hussey* (169 App. Div. 742), group 29 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41), it would not embrace the present case, as the employer was not conducting a warehouse or storage place for pecuniary gain, but it is urged that the amendment of this group by the provisions of chapter 622 of the Laws of 1916 was intended to meet the point decided in that case, and to enlarge the group so as to include the present case. In a dissenting opinion in the case cited, Mr. Justice KELLOGG said: " It is urged that the employer was storing only his own goods and was not engaged in the business of storage, and that the statute contemplates a warehousing business or storage business carried on for the storage of goods of others for hire. We think this is too narrow a construction of the law. If the employer has a large storage warehouse and was receiving heavy packages of merchandise which were to be moved from time to time by his employees, the risk to them is the same whether he is storing the goods for himself or for others. The statute is a beneficial one, intended to throw upon the business the risks incident to and resulting from it, and the liability ought not to depend upon the question whether the goods in storage were the goods of the employer or the goods of others." This was the other view of the construction to be put upon the statute, and if we assume that the Legislature intended to overrule in effect the determination of the court in the case under consideration we may assume that it likewise had in view the wider construction suggested by Mr. Justice KELLOGG, and that the purpose

was to provide for the case of an employee engaged by an employer who was in .fact conducting a warehouse in the common understanding of that word.

Section 2 of the Workmen's Compensation Law as now existing (Laws of 1916, chap. 622) provides that " Compensation provided for in this chapter shall be payable for injuries sustained or death incurred by employees engaged in the following hazardous employments: * * *. Group 29. Milling; manufacture of cereals or cattle foods; warehousing; storage of all kinds and storage for hire; operation of grain elevators."

The provisions of group 29 in the original statute were: " Milling; manufacture of cereals or cattle foods; warehousing; storage; operation of grain elevators." The most obvious thing about group 29, in connection with the scheme of the Workmen's Compensation Law generally, is the fact that it deals with wholesale matters; with large industrial undertakings, the manufacturing and transportation of the products of the forests, mines and farms of the country, excluding as it does domestic servants and farm laborers.    (§ 3, subd. 4, as amd. by Laws of 1916, chap. 622.)    There is not to be found within the limits of the forty-three groups enumerated in the statute a single provision for a retail establishment, with the possible exception of groups 30 and 34 of section 2 (as amd. by Laws of 1916, chap. 622), and these obviously involve dangerous operations apart from the mere distributing of goods at retail, and when the statute refers to warehousing or " storage of all kinds and storage for hire " we are to understand, not purely incidental storage of the goods necessary to keep up a retail stock, but the wholesale storage of merchandise in large packages, involving special dangers in their handling and storage.    Otherwise, if we read this statute literally, every farmer who stores fertilizer, lime, seed or other things necessary for the carrying on of his farm operations would be construed to be engaged in a dangerous business, and would be liable for injuries sustained by his employees, and every householder who providently put in a supply of coal or wood or of potatoes, would be within the classification, and any accident occurring to an employee would be entitled to compensation.    That

no such construction was contemplated is clear from the general scope of the law, and it is emphasized by the amendment to the definition of an employee contained in the same statute as the amendment here under consideration. Subdivision 4 of section 3 now defines " employee " to mean " a person engaged in one of the occupations enumerated in section two or who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises or at the plant, or in the course of his employment away from the plant of his employer; and shall not include farm laborers or domestic servants." And a " hazardous employment" continues to be defined in subdivision 1 of section 3, as before, to mean "a work or occupation described in section two." Formerly an "employee" was defined to be " a person who is engaged in a hazardous employment in the service of an employer carrying on or conducting the same," but now it is " a person engaged in one of the occupations enumerated," or one " who is in the service of an employer whose principal business is that of carrying on or conducting a hazardous employment upon the premises," etc., and this clearly excludes the claimant in this case, for it cannot be contended that the employer's " principal business " was that of a warehouseman or storageman, in the light of the record now before us.

Group 29 of section 2 is to be read in connection with the entire statute as amended, and the definition of an " employee" as now provided limits its operation to those who are exclusively engaged in the lines enumerated, or whose "principal business is that of carrying on or conducting a hazardous employment upon the premises, or at the plant, or in the course of his employment away from the plant of his employer," and the word "employment" " includes employment only in a trade, business or occupation carried on by the employer for pecuniary gain." (§ 3, subd. 5.) If the " principal business " of the F. W. Woolworth Company was the carrying on or conducting of a warehouse or storage plant, incidentally retailing goods, the claimant would be entitled to assert his claim, but it clearly appears that the warehousing or storing of goods by the employer was purely incidental to the carrying on of a retail business, and the case is not within the letter or the

spirit of the statute.    (See, also, *Roberto* v. *Schmadeke, Inc.,*
180 App. Div. 143, decided herewith.)

The award should be reversed, and the claim dismissed.

All concurred, KELLOGG, P. J., not sitting.

Award reversed and claim dismissed.