Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MICHAEL DUGAN, Respondent, for Compensation under the Workmen's Compensation Law, *v.* HARRY J. McARDLE, INC., Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

Third Department, September 26, 1918.

**Workmen's Compensation Law — employer conducting wholesale vegetable and fruit market not carrying on business of " storage " within meaning of group 29 of section 2.**

Where an employer was carrying on the business of a produce dealer limited to a few domestic fruits and vegetables, for pecuniary gain, and whatever of storage was involved in the transaction was incident to the business of dealing in produce, and there was a sign over the premises reading " wholesale vegetable and fruit market," said employer cannot be deemed to have been carrying on the business of " storage of all kinds and storage for hire," within the meaning of group 29 of section 2 of the statute, as amended, and, hence, his insurance carrier cannot be charged for an injury to an employee.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendants, Harry J. McArdle, Inc., and another, from an award of the State Industrial Commission, entered in the office of said Commission on the 3d day of June, 1917, on a finding that the claimant had lost an eye.

*Amos H. Stephens* [*E. C. Sherwood* and *William B. Davis* of counsel], for the appellants.

*Merton E. Lewis, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondent.

WOODWARD, J.:

The claimant was employed by Harry J. McArdle, Inc., who appears to have been a produce dealer, engaged in handling apples, potatoes, cabbages, turnips and the hardy kinds of vegetables. The usual course of business appeared to be that at Morris avenue the employer maintained a small building, leased from the New York Central Railroad Company, where incoming goods were unloaded ·and placed in the build-

ing, from whence they were sold to grocers and produce merchants, or to such persons as desired to purchase in lots of not less than one-half barrel. A second place of business was maintained at Harlem river and One Hundred and Thirty-second street, and supplies were at times forwarded to this place from the Morris avenue plant, though this appears to have been incidental. The claimant worked at the Morris avenue store, and was engaged at the time of the alleged accident in handling a bag of turnips, and it is claimed that while lifting this bag a particle of dirt got into his eye, subsequently becoming infected, and resulting in the loss of the eye. The accident occurred in the morning, but the claimant worked all day, and the first complaint made to any one was to a fellow-employee at the close of the day's work. No notice of the alleged accident was given for more than one month after it occurred, though the employer's manager learned in some manner that the claimant was sick, not that he had suffered an injury, and the State Industrial Commission has found that no prejudice resulted to the employer or insurance carrier. The accident happened on November 14, 1916.

Unless this court was wrong in the cases of *Walsh* v. *Woolworth Company* (180 App. Div. 120) and *Roberto* v. *Schmadeke, Inc.* (Id. 143), both of which were decided subsequent to the amendment of group 29 of section 2 of the Workmen's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41) by chapter 622 of the Laws of 1916, there is no foundation for this claim; the employer was not carrying on the business of " storage of all kinds and storage for hire " for his pecuniary gain. He was carrying on the business of a produce dealer, limited to a few domestic fruits and vegetables, for pecuniary gain, and whatever of storage was involved in the transaction, it was incident to this business of dealing in produce. There was a large sign over the premises reading, " Wholesale Vegetable and Fruit Market," and this definite announcement of the character of the business, in the absence of direct evidence that the business was actually that of storage for pecuniary gain, may not be disregarded. It is important to note that the Legislature, by chapter 705 of the Laws of 1917, amended group 30 by adding the words " whole-

sale groceries " and " poultry markets," thus indicating that it was not understood that the amendment of group 29 by chapter 622 of the Laws of 1916 had operated to reach the incidental storage of wholesale grocers or of poultry markets. Group 30 is the group in which we would naturally expect to find a provision relating to wholesale vegetable and fruit markets, along with wholesale groceries, poultry markets and fish markets, if the Legislature had intended to include this line of business, and we are not called upon to make strained constructions to enlarge the scope of the Workmen's Compensation Law beyond the limits fixed by legislation. The special mention of wholesale groceries, fish markets, meat markets, poultry markets, etc., would, under well-established rules of construction, exclude a wholesale vegetable and fruit market, or a mere dealer in a limited range of produce. A dealer of this character, who does not maintain a separate storage plant, cannot within any fair understanding of language, be held to be engaged in the business of storage for pecuniary gain, and until a higher authority has overruled the cases cited above, we shall be constrained to hold that a produce dealer is not within the language of the statute, and that his insurance carrier cannot be charged for an injury.

The award appealed from should be reversed and the claim dismissed.

All concurred, except JOHN M. KELLOGG, P. J., dissenting.

Award reversed and claim dismissed.